| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN<br>See "Instructions for Service of Process by U.S. Marshal" |
|---|---|

| PLAINTIFF<br>United States | COURT CASE NUMBER<br>18-CR-681 |
|---|---|
| DEFENDANT<br>Andrew Pearse | TYPE OF PROCESS<br>Preliminary Order of Forfeiture |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United States Marshals Service
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
225 Cadman Plaza East, Brooklyn, New York 11201

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| JOSEPH NOCELLA, JR. United States Attorney - Eastern District of New York<br>271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201<br>Attn: Laura D. Mantell | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Pursuant to the Preliminary Order of Forfeiture, please deposit funds in the amount of $1,000,000.00 into the SADF.
Trace Number: 20250616MMQFMPWQ003326

CATS ID #: 25-FBI-002630

| Signature of Attorney other Originator requesting service on behalf of:<br>*Laura D. Mantell by JL* | [X] PLAINTIFF<br>[ ] DEFENDANT | TELEPHONE NUMBER<br>(718) 254-6253 | DATE<br>6/17/2025 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 53 | District to Serve No. 53 | Signature of Authorized USMS Deputy or Clerk<br>*Teresa Kwan* | Date<br>6/17/25 |
|---|---|---|---|---|---|

I hereby certify and return that I [ ] have personally served, [ ] have legal evidence of service, [X] have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | Date<br>6/17/25 | Time | [ ] am<br>[ ] pm |
|---|---|---|---|
| Address (complete only different than shown above) | Signature of U.S. Marshal or Deputy<br>*Teresa Kwan* | | |

Costs shown on <u>attached USMS Cost Sheet</u> >>

REMARKS

$1,000,000.00 deposited into SADF on 6/17/2025.

1:2018-CR-00681-1

Form USM-285
Rev. 03/21

SLR:LDM
F. #2016R00695

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | PRELIMINARY ORDER OF FORFEITURE |
| - against - | 18-CR-681 (NGG) |
| ANDREW PEARSE, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WHEREAS, on or about July 19, 2019, defendant ANDREW PEARSE (the "defendant") entered a plea of guilty to a violation of 18 U.S.C. § 1349, as charged in Count One of the above-captioned Indictment;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant has consented: to the entry of a forfeiture money judgment ("Forfeiture Money Judgment") in the amount of (a) two million five hundred thousand dollars and zero cents ($2,500,000.00), plus (b) the amount equal to the proceeds of the sale of the assets of Farsight Ltd. SA and any of its subsidiaries including but not limited to properties located in Stellenbosch, South Africa (the "South African Properties"), less any approved fees; in addition to the forfeiture of all right, title and interest in the tangible or intangible assets (the "Forfeitable Assets") belonging to the following companies: Palomar Capital Advisors Ltd, Palomar Capital Advisors AG, Palomar Consultants LLC, Palomar Energy Holdings Ltd, Palomar Natural Resources BVI Ltd, Palomar Natural Resources (Luxembourg) S.A.R.L., Palomar Natural Resources (Netherlands) B.V., Palomar Energy Holdings LLC, Palomar Natural Resources LLC,

and NSP Investments Holdings BVI, as well as any affiliates or subsidiaries thereof (collectively, the "Palomar Entities"), and any assets that the Palomar Entities, individually or collectively, directly or indirectly, own or control, including but not limited to Rawicz Concession 39/2009/L located in Poland and Poznan Concession East block 207 4/003/L and Poznan block 207 concession located in Poland as property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of 18 U.S.C. § 1349; and/or substitute assets, pursuant to 21 U.S.C. § 853(p), and

WHEREAS, the defendant (a) paid one million thirty nine thousand nine hundred thirteen dollars and seventy four cents ($1,039,913.74) towards the Forfeiture Money Judgment on or about on August 19, 2019; and (b) has sold the South African Properties;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title and interest in the Forfeitable Assets. The Forfeitable Assets shall not be credited towards the Forfeiture Money Judgment.

2.      The defendant shall satisfy the Forfeiture Money Judgment within thirty (30) days of his sentencing (the "Final Due Date").

3.      Unless otherwise agreed to by the parties, all payments made towards the Forfeiture Money Judgment shall be made by money order, or a certified or official bank check, payable to the "United States Marshals Service," with the criminal docket number noted on the face of the check. Such certified or official bank check(s) shall be delivered by overnight mail to

Assistant United States Attorney Laura D. Mantell, United States Attorney's Office, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

4.   Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Forfeitable Assets, and to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

5.   The United States shall publish notice of this Preliminary Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, and of its intent to dispose of the Forfeitable Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeitable Assets as a substitute for published notice as to those persons so notified.

6.   Any person, other than the defendant, asserting a legal interest in the Forfeitable Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first date of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeitable Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeitable Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The defendant shall fully assist the Government in effectuating the payment of the Forfeiture Money Judgment and the forfeiture of the Forfeitable Assets, by taking whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the surrender and transfer of title to the United States or to repatriate the Forfeitable Assets. Such assistance shall also include providing any evidence, including any testimony, needed to seek the forfeiture of the Forfeitable Assets and/or to defend any third-party claims to the Forfeitable Assets. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeitable Assets or to any property against which the United States seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial proceeding. In the event the defendant fails to satisfy the Forfeiture Money Judgment by the Final Due Date, the defendant consents to the forfeiture of any other property up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), including but not limited to all of the defendant's shares, right, title and interest in High Purity Quartz Limited Business Holdings. The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry of a Forfeiture Money Judgment and the forfeiture of the Forfeitable Asset, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the United States

Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

10. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment. The United States alone shall hold title to the Forfeitable Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

11. The forfeiture of the Forfeitable Assets and the entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

12. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

13. This Preliminary Order shall be binding only upon being "so ordered" by the Court.

14. The Court shall retain jurisdiction over this action to enforce this Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court is directed to send, by inter-office mail, three (3)

certified copies of this executed Preliminary Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Senior Law Clerk Jennifer Lai, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       March 6, 2025

SO ORDERED:

s/Nicholas G. Garaufis

HONORABLE NICOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK