UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM & ORDER** |
| -against- | **18-CR-0681 (NGG) (CLP)** |
| ANDREW PEARSE, MANUEL CHANG, | |
| Defendants. | |

NICHOLAS G. GARAUFIS, United States District Judge.

In a December 12, 2025 order, the court granted in part Defendant Andrew Pearse's motion for reconsideration.[1] (*See* Dec. 12, 2025 Mem. & Order ("Reconsideration Order") (Dkt. 841) at 1.) The Reconsideration Order "limit[s] the amount payable" by Pearse "to 5% of [his] post-tax income with an initial grace period of three years." (*Id.* at 11.) It also vacated in part the court's earlier restitution order as to Defendants Detelina Subeva and Surjan Singh. (*Id.* (vacating in part a May 6, 2025 Mem. & Order ("Original Restitution Order") (Dkt. 803) at 20).) Consequently, only Pearse and Defendant Manuel Chang are now eligible for restitution. (*See* Gov'ts Ltr. (Doc. 847) at 1.)

The court directed the Government "to provide [it] with further direction" so that it could determine how to reallocate restitution among Chang and Pearse. (Reconsideration Order at 11.) Heeding that call, the Government urges the court to "impose the full amount of restitution on both [] Chang and [] Pearse, jointly and severally, without further apportionment." (Gov'ts Ltr. at 1.) It reasons "that this approach best serves the interests of the victims and will avoid unnecessary complications if other as-yet unapprehended defendants are in the future apprehended and convicted." (*Id.*) After receiving the Government's letter, the

---

[1] The court assumes familiarity with the relevant facts and procedural history of this case.

1

court provided Chang and Pearse an opportunity to oppose joint and several liability. (Text Order Dated 2/13/2026.) Neither did.[2]

The court agrees with the Government. *See* 18 U.S.C. § 3664(h) (placing it within the court's discretion to "make each defendant liable for payment of the full amount of restitution"). Thus, the court VACATES the remaining portions of its Original Restitution Order and holds Pearse and Chang jointly and severally liable for VTB Capital's $352,200,000 in losses.[3] (*See* Original Restitution Order at 18, 20 (summarizing victim eligibility for restitution and the total amount of relevant losses).) The court DIRECTS the Government to file proposed restitution orders as to Pearse and Chang within 90 days of this order.

SO ORDERED.

Dated:     Brooklyn, New York
           February 26, 2026

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

---

[2] Although Pearse "does not object to" joint and several liability, he "note[s] that the [c]ourt has already addressed [his] financial ability to make those restitution payments through a payment schedule." (Pearse's Ltr. (Dkt. 848).) The Government also acknowledges that "the [c]ourt has already allowed for a payment schedule for Pearse." (Gov'ts Ltr. at 2.) For the avoidance of doubt, the payment schedule that the court set for Pearse in its Reconsideration Order remains in effect and unamended. (*See* Reconsideration Order at 11.)

[3] As the Government notes, Chang can apply for a payment schedule similar to Pearse's "if his finances warrant it." (Gov'ts Ltr. at 3 (citing 18 U.S.C. § 3664(f)(3)).)